UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

02 DEC -9 PM 2: 49

U.S. DISTRICT COURT
N.D. OF ALABAMA

JAMES CRAIG STEPHENSON,  }
      Plaintiff,  }
  }
v.  }  CV 02-AR-2450-J
  }
THE STATE OF ALABAMA et al.  }
      Defendants.  }

ENTERED
DEC 9 2002

**MEMORANDUM OPINION**

    Before the court are motions to dismiss filed by defendants State of Alabama ("State"), Alvis E. Tidwell ("Tidwell"), former District Attorney of Marion County, Alabama, John J. Bostick ("Bostick"), District Attorney of Marion County, Sheriff Bud Purser ("Purser") of Marion County, Deputy Sheriff Ronnie Vickery ("Vickery") of Marion County, and Marion County, Alabama ("County"). By the court's order of November 18, 2002, all said motions were deemed to be filed in response to plaintiff's first amended complaint filed on October 25, 2002.

    Plaintiff, James Craig Stephenson ("Stephenson"), has filed what can be truly described as the "shotgun complaint" of all times. He asserts claims against all defendants for abuse of process, accounting, assault and battery, conspiracy to commit assault and battery, civil conspiracy, conversion, defamation per se, defamation, money had and received, negligence per se, negligence, outrage, civil right violations under 42 U.S.C. §

1

1983, and for conspiracy under 42 U.S.C. § 1985, trespass, unjust enrichment, constructive trust and equitable lien, and wantonness. Stephenson claims that as a result of all of these tortuious acts he has suffered financial loss; mental anguish; emotional distress; personal injury; denial of due process of law under the common law, statutory laws and/or constitutions of the State of Alabama and/or the United States; violation of his civil rights under the common laws, statutory laws and/or constitutions of the State of Alabama and/or the United States; and/or malicious, willful and/or otherwise unlawful acts committed against him by officers, agents and/or employees of Marion County and/or State of Alabama, in retaliation for successfully asserting his rights in the civil matter of *James Craig Stephenson v. Warden Davis, Attorney General of the State of Alabama*, 96-P-3215-NE regarding a *habeas corpus* proceeding arising from *State of Alabama v. James Craig Stephenson*, case number CC-93-90, in the Circuit Court of Marion County, and/or *James Craig Stephenson v. State of Alabama*, case number 95-2207, in the Court of Criminal Appeals of Alabama.

### Alleged Facts

Stephenson's alleged injuries and the alleged deprivations of his rights arise out of the taking of his personal property on or about October 5, 2000, by former defendant Wade Palmer ("Palmer"), who has previously bankrupted. Stephenson was

2

employed by L & K Metal Company and/or J & W Truss Co., which was owned and/or operated by Palmer from March 2000, until September 29, 2000.  On August 3, 2000, Stephenson purchased a truck from Palmer for $24,500.  In order to purchase the truck, Palmer obtained a loan from Community Bank of Hamilton, Alabama.  Palmer co-signed as a guarantor of Stephenson's loan.  The first payment came due on September 3, 2000.  Stephenson made the payment within a couple of days thereafter.  On September 13, 2000, Stephenson received a certificate of title issued by the Alabama Department of Revenue.  It showed him as the sole owner.  Palmer was not listed as a lien holder.  On September 29, 2000, Palmer terminated Stephenson's employment.  Sometime between October 3 and 5, 2000, Palmer contacted Community Bank to inquire as to whether Stephenson had made his October payment, and was advised that he had not.  On October 5, 2000, Palmer, accompanied by several of his employees, agents and/or representatives went to Stephenson's home, and demanded the keys to the truck under threat of physical violence.  Palmer was allegedly armed with a pistol and displayed it during the taking.  Stephenson relinquished the keys to the truck, and Palmer drove the truck away.  The truck allegedly contained $1,200 in cash, plus other items that belonged to Stephenson, and that he was unable to retrieve.  Palmer took the truck to the Easy Lube shop in Hamilton, Alabama and left it overnight.  On October 6, 2000,

Vickery, who was employed as an investigator for the Marion County, Alabama Sheriff's Department, accompanied Palmer to the Easy Lube shop for the purpose of moving the truck to another location.  Vickery drove the truck from the Easy Lube premises followed by Palmer in his vehicle.  Stephenson alleges that the defendants are still in possession of his truck, his truck keys, his cash, and the personal property that was in the truck when it was wrongfully taken.  Stephenson contends that the officers, agents, representatives and/or employees of Marion County, Alabama and/or the State of Alabama were timely notified of the alleged wrongful taking of Stephenson's property but negligently, willfully, wantonly, and/or maliciously acted or failed to act to his detriment causing him injury.  Stephenson further alleges that his claims for the illegal, wrongful and/or criminal taking of his property were not adequately and properly investigated all in retaliation for Stephenson's insistence upon his rights.  Stephenson contends that the County and State by and through their respective officers, agents, and/or representatives negligently and/or wantonly failed or refused to take appropriate action or any action to recover his property, and that one or more of the County's or State's agents participated in taking the truck.  Stephenson claims that Carlton W. Mayhill, Jr., a Circuit Judge of the State of Alabama, was in cahoots with the perpetrators, but the judge is not named as a defendant.

## Analysis

Stephenson's complaint contains the proverbial "kitchen sink," except that it does not invoke RICO or the Sherman Anti-Trust Act.  It is based on broad, conclusory allegations against "defendants," without distinction.  Because Stephenson has alleged no facts that can support his claims against the County, and because the District Attorney, the Assistant District Attorney, the Marion County Sheriff, and the Deputy Sheriff are not employees or agents of Marion County under Alabama law as Stephenson alleges, the court finds that the County's motion to dismiss is due to be granted by separate order.

The court assumes that Stephenson's claims against Tidwell and Bostick are based solely on their failure to prosecute Palmer for his alleged conversion of the truck.  During the times relevant to this proceeding, Tidwell served as District Attorney of Marion County, and Bostick served as Assistant District Attorney.  Tidwell and Bostick point out that they are entitled to absolute prosecutorial immunity in regards to the performance of their duties as prosecutors.  Prosecutors are entitled to absolute prosecutorial immunity in regards to acts taken or not taken within the scope of their performance of traditional advocacy functions such as exercising their prosecutorial discretion and judgment to prosecute or not in a particular case.  *See Kalina v. Flectcher*, 522 U.S. 118 (1997).  To the extent that

Stephenson's claims against Tidwell and Bostick are directed at their failure to prosecute Palmer in connection with the alleged conversion of Stephenson's truck, defendants' motion is well taken and it will be granted by separate order.

Because Tidwell, Bostick, Purser and Vickery are executive officers of the State, and under Alabama law, the State and its executive officers are entitled to absolute sovereign immunity pursuant to Article I, Section 14 of the Alabama constitution of 1901, Stephenson's state law claims for damages against the said defendants both in their individual and official capacities are due to be dismissed. Likewise Stephenson's claims against the State for damages under a plethora of state law theories are due to be dismissed. Although Stephenson has asked enigmatically for "such further and different relief to which he may be entitled," indicating that he may want equitable relief, any state law claims for equitable relief, in order to be viable, must fall within the limited exceptions in which Alabama has waived its immunity, namely: "1) to compel him [a state defendant] to perform his duties, (2) to compel him to perform ministerial acts, (3) to enjoin him from enforcing unconstitutional laws, (4) to enjoin him from action in bad faith, fraudulently, beyond his authority, or under mistaken interpretation of the law, or 5) to seek construction of a statute under the Declaratory Judgment Act if he is a necessary party for the construction of the statute."

*Tinney v. Shores*, 77 F.3d 378,383 (11th Cir. 1996).  None of these exceptions apply to any conceivable relief Stephenson could obtain.

Stephenson has also brought claims under 42 U.S.C. §§ 1983 & 1985 against all defendants.  Defendants properly assert that they are entitled to Eleventh Amendment immunity against these claims.  The Eleventh Amendment bars suits against a State and its executives in federal courts unless the State's immunity has either been waived or abrogated by Congress in a valid exercise of its authority.  The State and defendants Tidwell, Bostick, Purser and Vickery in their official capacities are entitled to absolute immunity to Stephenson's claims brought under §§ 1983 & 1985.  Congress has successfully abrogated immunity under § 1983 when "a person" acts "under color of law" to deprive an individual of his/her constitutional rights.  The abrogation of immunity for violations of § 1985 is academic in light of the fact that a § 1985 complaint must involve a class-based animus, not present here.  Defendants Tidwell, Bostick, Purser and Vickery are not entitled to Eleventh Amendment immunity in their individual capacities under § 1983.  However, defendants Tidwell, Bostick, Purser, and Vickery are entitled to *qualified* immunity unless their actions are violations of clearly established law.  Stephenson has failed to allege facts in his shotgun complaint, even when taken in the light most favorable to him, that would

overcome qualified immunity.  There is nothing to show that the defendants, other than former defendant Palmer, consciously and knowingly set out to deprive Stephenson of his property without due process of law.  The fact that what they did could have constituted gross negligence does not open the federal courthouse door for Stephenson.

## Conclusion

For the foregoing reasons defendants' motions to dismiss will be granted by separate and appropriate order.

DONE this ___9th___ day of December 2002.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE